Dear Senator Rabon:
This office has received your request for an official Attorney General Opinion in which you ask, in effect, the following questions:
 1. May a marina lease concessionaire of the Oklahoma Tourism and Recreation Department indiscriminately refuse service to citizens wishing to take advantage of facilities located within a state park that is under the jurisdiction of the Oklahoma Tourism and Recreation Department?
 2. What is the duty and responsibility of the Oklahoma Tourism and Recreation Department when the Department has notification that a lease concessionaire of the Department deprives a citizen the use of the facilities and services of the concessionaire at a state park?
 3. May the Oklahoma Tourism and Recreation Department enter into a concessionaire contract that has the potential to be effective for a period of over 25 years?
 THE OKLAHOMA TOURISM AND RECREATION COMMISSION
The Oklahoma Tourism, Parks and Recreation Enhancement Act ("Oklahoma Tourism Act"), 74 O.S.Supp. 2007, §§ 2200[74-2200] — 2276.3, 2277 — 2283, 2284 — 2285 and 2286 — 2293, created the Oklahoma Tourism and Recreation Commission ("Commission") and the Oklahoma Tourism and Recreation Department ("Department"). See id. § 2201. The purposes of the Commission and the Department are set forth in Section 2202 and include the duty to "[c]onserve and protect the parkland *Page 2 
under the control of the Commission[.]" Id. § 2202(A)(1). "The chief executive officer of the Department shall be the Executive Director."Id. § 2206. The executive director is appointed by the Commission, serves at the pleasure of the Commission, and "[a]dminister[s] all policies formulated and adopted by the Commission[.]" Id. §§ 2206, 2207(4). Several divisions make up the Department, including the Division of State Parks ("Park Division"), which is responsible for enforcing the Commission's rules and policies concerning all state parks. Id. §§ 2211, 2215(5).
The Park Division is required under state law, subject to the rules of the Commission, to "[c]onserve, preserve, plan, supervise, construct, enlarge, reduce, improve, maintain, equip and operate parkland and public recreation facilities including, but not limited to, . . . boating . . . facilities under the jurisdiction and control of the Commission." Id. § 2215(1). Section 2215(1) also states that all "facilities in state parks shall be reasonably necessary and useful in promoting the public use of state parks and shall be in accord with the resource management plan for the respective park[.]" Id. The Park Division is further required to enforce the rules and policies set forth by the Commission regarding the use and conduct of patrons in all recreational facilities and properties of the Commission. Id. § 2215(5).
The Commission was established to determine and set the policy for the Department, determine and set the broad plans and programs necessary to accomplish the duties and responsibilities of the Commission, and make contracts and promulgate rules that are "necessary and convenient to the exercise of the powers conferred upon it by law." Id. §§ 2202(B), 2204(5), (6). The powers, rights, and privileges of the Commission are set forth under Section 2212 of the Oklahoma Tourism Act, which provides as follows:
 The Commission shall have the authority to exercise the following powers, rights and privileges related to state parks:
 1. Have the exclusive possession and control of, and to operate and maintain for the benefit of the people of the State of Oklahoma all state parks and all lands and other properties now or hereafter owned or leased by the state or Commission for park or recreational purposes;
 2. Acquire by purchase, exchange, lease, gift, condemnation, or in any other manner and to maintain, use and operate any and all property, real, personal or mixed, necessary or convenient to the exercise of the powers, rights, privileges and functions conferred upon it by the Oklahoma Tourism, Parks and Recreation Enhancement Act. Title to all such property shall be vested in the State of Oklahoma, although such property is sometimes herein referred to as property "of the Commission". The power of condemnation herein granted shall be exercised in the manner provided by the general laws of the state for the condemnation of property by the state; *Page 3 
 3. Subject to the provisions of the Oklahoma Tourism, Parks and Recreation Enhancement Act, from time to time lease, without restriction as to term, any property which the Commission shall determine to be necessary or convenient to more fully carry into effect the duties and powers of said Commission; and
 4. Acquire, conserve, protect, construct, extend, reduce, improve, maintain and operate any and all facilities of all kinds which in the judgment of the Commission will provide recreational or other facilities for the benefit of the public, or which are necessary or convenient to the exercise of the powers of the Commission.
Id. (emphasis added).
The Legislature also provided under the Oklahoma Tourism Act that the "public shall have the right to access and use the facilities, services,and programs provided within state parks." Id. § 2217 (emphasis added). However, there are statutory and administrative restrictions on the access and use of park facilities. Section 2217 sets forth acts that are prohibited within state parks and provides for punishments that may be enforced when persons commit such acts. See id. § 2217(1). When a person commits any act prohibited by Section 2217(1), he or she may be subject to criminal and/or civil penalties. Id. 2217(2). Also, by implication, from the express power granted to park rangers under the Oklahoma Tourism Act to "[s]ecure the parks and property of the Department and maintain law and order therein[,]" a person may be excluded from a state park if he or she has committed a prohibited act. Id. § 2216(2); see Marley v.Cannon, 618 P.2d 401, 405 (Okla. 1980) (necessary powers are implied from express powers granted by statute). In addition to the statutory restrictions, the Commission has also promulgated rules prohibiting other acts within state parks, providing that "[a]ny person found violating any rule contained in [chapter 30] defined as prohibited, shall be subject to revocation of visitation privileges and may be removed from park property by any commissioned park ranger for any period of time not to exceed 30 calendar days." OAC 725:30-2-3(a) (1993). Therefore, the public's right to access and use the facilities, services and programs provided within state parks has limits and is subject to the rules enacted by the Commission and the provisions of the Oklahoma Tourism Act. As a result, such public access and use with respect to a marina boat slip can be limited to those who enter into a rental agreement with the Department or concessionaire and compliance with the terms of the rental agreement, including the payment of rent.
 CONCESSIONAIRE IN A STATE PARK
Your first question involves a marina lease concessionaire operating a marina located within a state park. Therefore, it is necessary to discuss the public's right to access and use the facilities, services, *Page 4 
and programs located within state parks when state park property is leased to a private person or entity for the purpose of operating a marina.
Under the Oklahoma Tourism Act the Commission may "adopt rules to lease concessions in any state-owned facility if the Commission deems it feasible." Id. § 2215(5). The Executive Director of the Department is also directed under the Oklahoma Tourism Act to "[e]nter into leases . . . as in the judgment of the Commission are necessary or convenient to the exercise of those powers and duties of the Commission pursuant to the Oklahoma Tourism [Act]." Id. § 2207(5). Furthermore, the Commission's power to grant lease concessions is also authorized under its power to lease lands and facilities within state parks "for the promoting of the public use of parks." OAC 725:30-22-1(b) (2003). Therefore, the Department may enter into a lease concession with a private person or entity in order to further the Commission's powers and duties under the Act such as ensuring the public's right to access and use the facilities, services, and programs located within state parks. 74 O.S.Supp. 2007, § 2217[74-2217].
A "concession" is a government grant for specific privileges. WEBSTER'S INTERNATIONAL DICTIONARY 470 (3d ed. 1993). Under its authority granted by statute the Commission may grant to a private business, under a lease concession, the privilege to operate a facility such as a marina in a state park. 74 O.S.Supp. 2007, § 2217[74-2217]. Under the Commission's rules, the land involved with the lease concession, as well as any improvements made thereto, constitute the property of the Department. OAC725:30-22-7(a)(1) (2003). Also, a lease concessionaire is required to comply with all the lease provisions and the Department may terminate the lease concession if there has been a violation of the lease. OAC725:30-22-4(b), (e) (2003).
Although state agencies have express as well as implied powers, state agencies such as the Commission and Department "may only exercise the powers granted by statute and cannot expand those powers by [their] own authority." Marley, 618 P.2d at 405. As previously mentioned in this Opinion, the Legislature has plainly expressed that the Commission shall have, "the exclusive possession and control of, and to operate andmaintain . . . all state parks and all lands . . . owned . . . by the state or Commission for park or recreational purposes[.]" 74 O.S. Supp. 2007, § 2212[74-2212](1) (emphasis added). When the Legislature has clearly expressed its intent that an agency possesses the exclusive authority over a particular function, Oklahoma courts and the Attorney General have held that the agency cannot relinquish or delegate that exclusive authority to a third party unless otherwise allowed by law.Anderson v. Grand River Dam Auth., 446 P.2d 814, 818 (Okla. 1968); Okla.Pub. Employees Ass'n v. Okla. Dep't of Cent. Serv., 55 P.3d 1072, 1084-85
(Okla. 2002); A.G. Opin. 83-157, at 266-67. However, the foregoing legislative intent when applied to the Commission must be read in conjunction with the Commission's power to lease facilities located within state parks to individuals and businesses when it is determined such a leasing transaction is necessary or convenient to more fully carry into effect the duties and power of the Commission. 74 O.S.Supp. 2007, § 2207[74-2207](5). Thus, the Commission can maintain authority over the facility through a lease with a concessionaire where the facility would be controlled by and subject to the lease between the Commission and the concessionaire. *Page 5 
In Anderson, the Grand River Dam Authority ("GRDA") had the exclusive power in prescribing the "location" of houseboat anchorages. Id. at 817. GRDA later promulgated a rule requiring that before a houseboat anchorage could be established, an "abutting landowner" must give his or her written consent. Id. The Oklahoma Supreme Court held that the GRDA rule substituted an abutting landowner's judgment for GRDA's regarding the location of houseboat anchorages and was thus an unlawful delegation of authority by GRDA. Id. at 819. The court based its holding under the legal maxim that state agencies cannot "alienate, surrender, or abridge their powers and duties," and cannot legally confer on others "authority and functions which under the law may be exercised only by them" or by other officers or tribunals. Id. at 818 (citation omitted). In OklahomaPublic Employee's Association, the Oklahoma Supreme Court addressed the question of whether the Department of Human Services ("DHS") could contract with a private entity to manage an institution under the responsibility of DHS. Id., 55 P.3d at 1075. The court held that even though DHS did not have the express authority to contract with that private party, DHS might have implied authority to do so if the contract was necessary to perform a statutory duty. Id. at 1088. The court further stated that DHS was statutorily charged with the responsibility of operating one of the institutions in question and could not re-delegate that duty to some other entity even if DHS had authority to out-source the management of the institution. Id. at 1084-85. Thus, if DHS did have implied authority, it was required to establish policies for the private entity to follow in order for DHS to perform its statutory duty and avoid delegating its statutory duty of operating the institution to the private entity. Id. at 1085. In the situation raised by your question, the Commission has maintained the requisite control over the concessionaire by enacting rules and policies governing patrons' conduct and use of the recreational facilities and properties of the Commission and by adopting rules applicable to lease concessions, all pursuant to the statutory powers granted by the Oklahoma Tourism Act, specifically Section 2215(5).
When conducting business with the general public, a private business that is a place of public accommodation may refuse service to whomever it chooses, so long as the refusal is not unlawfully discriminatory in nature, such as those based on "race, color, religion, sex, national origin, age, or handicap." A.G. Opin. 02-31, at 178; 25 O.S. 2001, § 1402[25-1402]. However, even though a marina lease concessionaire operates as a private business, it is a party to a contract or lease with the Commission, which has been given the "exclusive control" of all state parks and the duty to ensure the public's right to access and use facilities located within state parks. Also, all leases made by the Commission with lease concessionaires are subject to the provisions of the Oklahoma Tourism Act. 74 O.S. Supp. 2007, § 2212[74-2212](3).
A lease concession to a private person or entity in order to operate a marina does not alter or terminate the Department's duty to ensure that the public has the right to access and use the facilities, services, and programs located within state parks. As previously mentioned, the duty to ensure that a lease concessionaire complies with the Oklahoma Tourism Act is met by the terms set forth in the lease with the concessionaire and by adopting rules applicable to lease concessions, including rules *Page 6 
providing for a grievance procedure to the patrons of the park facility, as discussed later in this Opinion.
Since the Department must continue to exercise its duty of ensuring the public's right to access and use facilities such as a boat marina within a state park, it cannot allow a marina lease concessionaire to indiscriminately refuse service to citizens who desire to take advantage of facilities located within a state park. Therefore, under the Oklahoma Tourism Act, which specifically gives the public the right to access and use a park facility, a lease concessionaire cannot refuse service to any person unless such person has been convicted of a crime that occurred on the premises, committed a prohibited act, including acts prohibited by contract between the Department and the concessionaire, or for some other lawful reason, such as health, safety or security concerns. For example and as previously mentioned, access to the marina boat slip area could be limited to those who have rented boat slips. Access could also be denied to people who commit acts of vandalism or act in an unsafe manner, even if they rent a boat slip.
 DUTY AND RESPONSIBILITY OF THE DEPARTMENT TO ADDRESS CUSTOMER GRIEVANCES
A customer of a marina lease concession may file a grievance with the Department when the customer believes that the concessionaire "has acted outside the bounds of standard business practices for that type of business." OAC 725:30-22-8(a) (2005). As previously discussed, under the Oklahoma Tourism Act the Department and/or a marina lease concessionaire cannot refuse service to whomever it chooses unless such person has committed an unlawful or prohibited act in the park facility or for some other lawful reason. See 74 O.S.Supp. 2007, § 2217[74-2217](1). Since a marina lease concessionaire cannot indiscriminately refuse service to a person who desires to use park facilities, such refusal could be considered outside the bounds of standard business practice for a marina lease concessionaire. Therefore, a customer may file a grievance with the Department when he or she believes that they have been wrongfully denied access and use of a marina facility located within a state park.
The Director of Parks, Resorts and Golf is required to investigate a customer grievance and thereafter prepare a written response to the aggrieved party with his or her findings and any action, if needed, to be taken by the Department. OAC 725:30-22-8(d), (e). If the customer is not satisfied with the Director's findings, he or she may request that the grievance be forwarded to the Executive Director of the Department, who will draft a final written directive of actions, if any, that the Department must take. OAC 725:30-22-8(g). The findings of the Executive Director represent the final determination in the grievance process. OAC725:30-22-8(h).
In connection with the Department's grievance process, the Department may, consistent with due process requirements, also take action against the lease concessionaire, including termination of the lease concession, if the Department considers the actions of the lease concessionaire a violation of any provision of the lease agreement. See OAC 725:30-22-4(e). *Page 7 
Whether or not the actions of a particular person constitute an unlawful or prohibited act of the nature sufficient to deny him or her access to and use of a park facility, or what actions of a lease concessionaire may be considered acting outside the bounds of standard business practices, are questions of fact outside the scope of an Attorney General's Opinion. See 74 O.S. 2001, § 18b[74-18b](A)(5).
 TERM LIMIT ON A MARINA LEASE CONCESSION
Although generally a lease of state-owned land cannot exceed a term of three years, [1] the Legislature specifically provided under 74 O.S.Supp. 2007, § 2212[74-2212](3), that the Commission has the power to:
 Subject to the provisions of the Oklahoma Tourism, Parks and Recreation Enhancement Act, from time to time lease, without restriction as to term, any property which the Commission shall determine to be necessary or convenient to more fully carry into effect the duties and power of said Commission[.]
Id. (emphasis added). Therefore, since the Commission may lease property without restriction as to term, a property lease with a concessionaire, including those operating a marina, may provide for a term in excess of 25 years. Id. However, regardless of the term length, every lease with the Commission is at all times subject to the provisions of the Oklahoma Tourism Act, including the requirement of being necessary or convenient to further carry out the duties and powers of the Commission. Id. Leases undertaken by other state agencies may have different requirements, but with respect to leases with the Commission, the Oklahoma Tourism Act is the guiding force behind determining the limitations on the particular terms and conditions of the leasing transaction.
It is, therefore, the official Opinion of the Attorney Generalthat:
 1. Under the Oklahoma Tourism, Parks and Recreation Enhancement Act ("Act"), specifically 74 O.S.Supp. 2007, § 2217[74-2217], the Oklahoma Tourism and Recreation Commission has the duty to ensure the public's right to access and use the facilities, services and programs located within state parks, and as a result cannot allow a marina lease concessionaire to violate the Act by indiscriminately refusing service to citizens who desire to access and use such facilities. Therefore, under the Oklahoma Tourism Act, which specifically gives the public the right to access and use a park facility, a lease concessionaire cannot refuse service to any person unless such person has been convicted of a crime that occurred on the premises, committed a prohibited act, including acts prohibited by contract *Page 8 between the Department and the concessionaire, or for some other lawful reason, such as health, safety or security concerns. See id.
 2. Under the procedures set forth in OAC 725:30-22-8, the Oklahoma Tourism and Recreation Department has the duty to review and respond to any grievances filed by a customer of a lease concessionaire and if appropriate take action to redress such grievance, including action against the lease concessionaire that may result in termination of the lease concession. OAC 725:30-22-4 (2003).
 3. Pursuant to 74 O.S.Supp. 2007, § 2212[74-2212](3), the Oklahoma Tourism and Recreation Commission may from time to time enter into lease concessions without restriction as to term, which may result in granting a lease for a term in excess of 25 years.
W.A. DREW EDMONDSON ATTORNEY GENERAL OF OKLAHOMA
JAMES V. BARWICK ASSISTANT ATTORNEY GENERAL
[1] 74 O.S. 2001, § 126.2[74-126.2](B). *Page 1